## COMMON PLEAS OF PHILADELPHIA.

### STADELMAN V. PENNSYLVANIA TRUST CO.

In a scire facias against heirs to show cause why execution should not be levied of their lands, judgment cannot be taken for want of an affidavit of defense.

Sur rule to strike of judgment against heirs of decedent.
The plaintiff, having obtained a verdict and judgment

against the Pennsylvania Company for Insurance on Lives and Granting Annuities, as administrator, issued a *scire facias* against the heirs of the decedent to show cause why execution should not be levied of their lands. Judgment was taken against the administrator and the heirs for want of an affidavit of defense.

For the rule, it was claimed that there was no authority for requiring heirs to make an affidavit of defense under these circumstances.

Against the rule, it was argued that the Act of March 28, 1835, section 2 (Purdon, p. 495, pl. 13), authorizes judgments to be entered in all cases of *scire facias* on judgments. That the judgment having been taken against the administrators since the death of the decedent, they were compelled to file an affidavit of defense: Umberger v. Zearing, 8 S. & R. 163. That the court having, in the judgment obtained, determined that the debt was due by the decedent, and such judgment being *prima facie* evidence against the heirs, there could be no hardship in compelling them to set out their defense by affidavit. That the practice should be analagous to that under a *scire facias* to continue the lien of a judgment and *qu. ex. non* where an affidavit is required: 2 T. & H. Pr. 537.

The court said that the heirs could not be presumed to have any knowledge of an intention to levy on their lands previous to the *scire facias*. Executors are not supposed to have sufficient knowledge of the matter in question to be required to make an affidavit in a suit against them by a creditor of the decedent, although they are usually persons who have close business relations with the testator, and while the executors are concluded by the judgment against them since the death of the decedent the reasons which exempt executors from filing an affidavit of defense in the original suit would seem to apply with even greater force to the heirs under the *scire facias*, for they should be placed in no worse position than they would have been if they had been joined as defendants in the original suit, where it is admitted that judgment could not have been obtained against them for want of an affidavit of defense.

Rule absolute.